ORIGINAL

RECEIVED FOR SCANNING
VENTURA SUPERIOR COURT

JUL 01 2021

1  Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
2  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
3  Woodland Hills, CA 91367
Phone: 323-306-4234
4  Fax: 866-633-0228
tfriedman@toddflaw.com
5  abacon@toddflaw.com
*Attorneys for Plaintiff*

BY FAX

6

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF VENTURA**
**UNLIMITED JURISDICTION**

8

| | |
|---|---|
| 9  LINDA POFF, individually, and on behalf of <br> other members of the general public similarly <br> 10  situated, | CASE NO.: |
| | **CLASS ACTION COMPLAINT** |
| 11  Plaintiff, | (1) Violation of Unfair Competition <br> Law (Cal. Business & Professions <br> Code §§ 17500, *et seq.*); |
| 12  -vs- | (2) Violation of Unfair Competition <br> Law (Cal. Business & Professions <br> 13  Code §§ 17200, *et seq.*); and |
| 14  ALLY FINANCIAL INC., and DOES 1-10, <br> inclusive, | (3) Violation of Consumer Legal <br> Remedies Act (Cal. Business & <br> Professions Code §§ 1750, *et seq.*). |
| 15  Defendants. | **Jury Trial Demanded** |
| 16 | |

17      **Plaintiff**, LINDA POFF, individually and on behalf of all other members of the public

18  similarly situated, alleges as follows:

19                          **NATURE OF THE ACTION**

20      1.      Plaintiff brings this Class Action Complaint against Defendant ALLY

21  FINANCIAL INC. (hereinafter "Defendant") to **stop Defendant's** practice of failing to waive

22  excess war and mileage charges under its SmartLease Protect Agreements on behalf of a

23  California class of consumers ("Class Members") who were harmed, within the applicable

24



---

**CLASS ACTION COMPLAINT**
**-1-**

1   statute of limitations period, as a result of Defendant's practices.

2       2.      Defendant is a corporation with principal place of business in Michigan and state

3   of incorporation in Delaware and is engaged in the in the business of automotive financing and

4   other financial services.

5       3.      Plaintiff and others similarly situated entered into SmartLease Protect

6   Agreements covering vehicles leased from Defendant.

7       4.      Defendant billed Plaintiff and others similarly situated for excess wear and

8   mileage charges, despite the fact that they had coverage waiving such charges pursuant to their

9   SmartLease Protect Agreements with Defendant. In so doing, Defendant has violated California

10  consumer protection statutes, including the Unfair Competition Law and the Consumer Legal

11  Remedies Act.

12              **NATURE OF THE CASE AND COMMON ALLEGATIONS OF FACT**

13      5.      Consumers who entered into SmartLease Protect Agreements with Defendant

14  reasonably expected that excess wear and mileage charges which would have been due at the

15  end of their vehicle lease terms would be waived pursuant to said agreements.

16      6.      The waiver of those excess wear and mileage charges is important and material

17  to consumers at the time enter into SmartLease Protect Agreements with Defendant, as that

18  coverage is exactly what they are paying for when the purchase said Agreements.

19      7.      Defendant is engaged in the marketing and supplying of SmartLease Protect

20  Agreements that are accompanied by fraudulent practices that are not disclosed at the time

21  consumers enter into said Agreements.

22      8.      When consumers enter into, and pay for, SmartLease Protect Agreements with

23  Defendant, they reasonably believe that they will receive the waiver of the excess wear and

24

1  mileage charges which is promised in said Agreements, and that they will not subsequently be

2  billed for such charges and have them reported on their credit reports.

3       9.      Defendant profits from the sale of the SmartLease Protect Agreements. Many of

4  the consumers would not have purchased or attempted to purchase SmartLease Protect

5  Agreements had they known of Defendant's billing practices, or would have chosen to patronize

6  one of Defendant's competitors.

7       10.     The aforementioned billing practices constitute unlawful, unfair, or deceptive

8  business practices under Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and further constitute a

9  violation of Cal. Civ. Code §§ 1750, *et seq.*

10      11.     On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease

11 billing consumers for charges which should have been waived under the SmartLease Protect

12 Agreements in a manner that is deceptive, fraudulent, and/or unlawful, and an award of damages

13 to the Class Members, together with costs and reasonable attorneys' fees

14                                **JURISDICTION AND VENUE**

15      12.     This class action is brought pursuant to California Code of Civil Procedure § 382.

16 All claims in this matter arise exclusively under California law. This Court has personal

17 jurisdiction over Defendant because Defendant does business to such an extent within and

18 throughout California as to demonstrate its purposeful availment of the protection and

19 obligations of the laws of the State of California.

20      13.     This matter is properly venued in the Superior Court of California for the County

21 of Ventura in that Plaintiff used the vehicle which is the subject of the SmartLease Protect

22 Agreement in that location.

23 ///

24

## PARTIES

14.     Plaintiff, LINDA POFF ("Plaintiff"), was at all times relevant hereto residing in the State of California and County of Ventura.

15.     Defendant, ALLY FINANCIAL INC. ("Defendant"), is in the business of automotive financing and other financial services.  Defendant's principal place of business is located and headquartered in Michigan. Defendant's state of incorporation is Delaware. Defendant conducts business in the State of California and County of Ventura.

16.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

17.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

18.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

19.     The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE Defendants 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues

1    such Defendants by fictitious names.  **Each of the Defendants** designated herein as a DOE is

2    legally **responsible for the unlawful acts** alleged herein.  **Plaintiff will seek leave** of Court to

3    amend the Complaint to reflect the true names and capacities of the DOE Defendants when such

4    identities become known.

5                              **PLAINTIFF'S FACTS**

6          20.    On or about October 1, 2017, Plaintiff entered **into a lease agreement with**

7    **Orange Coast Alfa Romeo and Fiat** ("dealer") and Defendant for a 2017 Alfa Romeo Guilia TI

8    (the "vehicle") **with a lease term** of 36 months.

9          21.    In conjunction with said lease **agreement, Plaintiff** also entered into a **SmartLease**

10   Protect Agreement with dealer and Defendant, a copy of which is attached **hereto as Exhibit A.**

11   Plaintiff paid **$1,500.00** to dealer and Defendant for the SmartLease **Protect Agreement.**

12         22.    The SmartLease Protect Agreement provides "**If you drive your vehicle an**

13   average of 25,000 miles per year or less, we will waive **the excess wear charge** until the total

14   amount waived reaches $5,000."

15         23.    At the end of Plaintiff's 36-month **lease term,** she had driven the vehicle less than

16   25,000 miles per year. Thus, pursuant to the terms of the SmartLease Protect **Agreement,**

17   Defendant should have waived any excess wear charges up to $5,000.00.

18         24.    When Plaintiff returned the vehicle at the end of her 36-month lease term, her

19   account with Defendant was closed.

20         25.    Several months later, **Defendant** reopened Plaintiff's account and issued charges

21   to her totaling $2,705.66. That amount includes charges for "Excess Mileage" of 12,753 miles

22   at $0.20 per mile, plus "Sales/Use Tax on Excess Mileage/Excess Wear Charges". A copy of a

23   letter Defendant **sent to** Plaintiff requesting payment for those charges is attached hereto as

24

1   Exhibit B.

2       26.     **Pursuant to Plaintiff's** SmartLease Protect Agreement with Defendant, said

3   charges of $2,705.66 should have been waived. Instead, **Defendant** has demanded that Plaintiff

4   pay those charges and reported those charges as due and owing on Plaintiff's credit report,

5   thereby causing a decrease in Plaintiff's credit score.

6       27.     By refusing to waive said charges, **Defendant breached its SmartLease Protect**

7   Agreement contract with Plaintiff.

8       28.     Defendant's actions were done in willful, wanton, **and** reckless disregard for the

9   rights of Plaintiff.

10      29.     Defendant's conduct described herein amounts to violations of California's

11  Unfair Competition Law and Consumer Legal Remedies Act. Defendant's conduct further

12  constitutes common law fraud, breach of contract, **and a** breach of the duty of good faith and

13  fair dealing.

14                      **CLASS ACTION ALLEGATIONS**

15      30.     Plaintiff brings this action, on behalf of herself and all others similarly situated,

16  and thus, seeks class certification under California Code of Civil Procedure § 382.

17      31.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

18          All consumers, who, between the applicable statute of limitations
            through the date of class certification, entered into a SmartLease
19          Protect Agreement with Defendant in the State of California, and
            who were billed by Defendant for amounts which should have been
20          waived pursuant to the terms of the SmartLease Protect Agreement.

21      32.     As used herein, the term "Class Members" shall mean and refer to the members

22  of the Class described above.

23      33.     Excluded from the Class are Defendant, its affiliates, employees, agents, and

24

1 attorneys, and the Court.

2      34.     Plaintiff reserves the right to amend the Class, and to add additional subclasses,

3 if discovery and further investigation reveals such action is warranted.

4      35.     Upon information and belief, the proposed class is composed of thousands of

5 persons.   The members of the class are so numerous that joinder of all members would be

6 unfeasible and impractical.

7      36.     No violations alleged in this complaint are contingent on any individualized

8 interaction of any kind between Class members and Defendant.

9      37.     Rather, all claims in this matter arise from the identical, false, affirmative

10 representations of the services, when in fact, such representations were false.

11      38.     There are common questions of law and fact as to the Class Members that

12 predominate over questions affecting only individual members, including but not limited to:

13          (a)     Whether Defendant engaged in unlawful, unfair, or deceptive business

14                  practices in connection with billing Plaintiff and other Class Members for

15                  amounts which should have been waived pursuant to the terms of the

16                  SmartLease Protect Agreement;

17          (b)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et*

18                  *seq.* and Cal. Civ. Code § 1750, *et seq.*;

19          (c)     Whether Plaintiff and Class Members are entitled to equitable and/or

20                  injunctive relief;

21          (d)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed

22                  Plaintiff and Class Members; and

23          (e)     The method of calculation and extent of damages for Plaintiff and Class

24

1        Members.

2        39.     Plaintiff is a member of the Class she seeks to represent.

3        40.     The claims of Plaintiff are typical of all Class Members.

4        41.     All claims of Plaintiff and the Class are based on the exact same legal theories.

5        42.     Plaintiff has no interest antagonistic to, or in conflict with, the Class.

6        43.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of

7    each Class Member, because Plaintiff was billed by Defendant for amounts which should have

8    been waived pursuant to the terms of the SmartLease Protect Agreement during the Class Period.

9    Defendant's unlawful, unfair, and/or fraudulent actions concern the same business practices

10   described herein irrespective of where they occurred or were experienced.  Plaintiff's claims are

11   typical of all Class Members as demonstrated herein.

12       44.     Plaintiff will thoroughly and adequately protect the interests of the Class, having

13   retained qualified and competent legal counsel to represent herself and the Class.

14       45.     Common questions will predominate, and there will be no unusual manageability

15   issues.

16                                         COUNT I
          VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
17              (CAL. BUS. & PROF.'S CODE § 17200, *ET SEQ.*)

18       46.     Plaintiff includes by reference all previous paragraphs as if set forth herein.

19       47.     Actions for relief under the unfair competition law may be based on any business

20   act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur

21   as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required

22   to provide evidence of a causal connection between a defendant's business practices and the

23   alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause

24

                              **CLASS ACTION COMPLAINT**
                                          -8-

1    substantial injury.  It is insufficient for a plaintiff to show merely that the defendant's conduct

2    created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of

3    unfair competition covers any single act of misconduct, as well as ongoing misconduct.

4                                              **UNFAIR**

5         48.    California Business & Professions Code § 17200 prohibits any "unfair ...

6    business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as

7    alleged herein also constitute "unfair" business acts and practices within the meaning of the

8    UCL in that their conduct is substantially injurious to consumers, offends public policy, and is

9    immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any

10   alleged benefits attributable to such conduct. There were reasonably available alternatives to

11   further Defendant's legitimate business interests other than the conduct described herein.

12   Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts

13   or practices.  Such conduct is ongoing and continues to this date.

14        49.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the

15   injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or

16   competition; and, (3) is not one that consumers themselves could reasonably have avoided.

17        50.    Here, Defendant's conduct has caused and continues to cause substantial injury

18   to Plaintiff and members of the Class.  Plaintiff and members of the Class suffered injury in fact

19   due to Defendant's decision to falsely represent that the excess mileage and wear charges would

20   be waived, and other misrepresentations detailed herein.  As a direct and proximate result of

21   Defendant's misrepresentations, Plaintiff and members of the Class suffered significant

22   economic harm. Defendant's conduct has caused substantial injury to Plaintiff and the members

23   of the Class by billing them for amounts that they did not owe and, accordingly never received

24

1  any benefits or services for, and by reporting nonpayment of amounts that they never owed on

2  their credit reports.

3      51.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant

4  while providing no benefit of any kind to any consumer. Such deception utilized by Defendant

5  convinced Plaintiff that for the price agreed to in the SmartLease Protect Agreement, Defendant

6  would waive the excess mileage and wear charges under the lease agreement, thereby inducing

7  Plaintiff and the Class Members to contract with Defendant at great cost to Plaintiff and the

8  Class Members, and great profit to Defendant. In fact, knowing that it had no intention of

9  performing the SmartLease Protect Agreement contract pursuant to these terms, Defendant

10  unfairly profited in that Defendant knew that Plaintiff and the Class Members would not receive

11  the reasonably expected benefit of the deal. Thus, the injury suffered by Plaintiff and the Class

12  Members is not outweighed by any countervailing benefits to consumers.

13      52.    Finally, the injury suffered by Plaintiff and the Class Members is not an injury

14  that Plaintiff and the Class Members could reasonably have avoided. After Defendant falsely

15  represented its intention to waive the excess wear and mileage charges pursuant to the

16  SmartLease Protect Agreement, Plaintiff and the Class Members suffered injury in fact due to

17  Defendant's misrepresentations because they paid significantly more than they otherwise would

18  have. Furthermore, Plaintiff and the Class Members received no benefit for the price they paid

19  for the SmartLease Protect Agreement because of Defendant's intentional conduct. Defendant

20  failed to take reasonable steps to inform Plaintiff and the Class Members that they would be

21  charged the excess wear and mileage charges and that Defendant would fail to waive those

22  charges as it had agreed to do under the terms of the SmartLease Protect Agreement. As such,

23  Defendant took advantage of Defendant's position of perceived power in order to deceive

24

1   Plaintiff and the Class Members to enter into the SmartLease Protect Agreement with

2   Defendants. Therefore, the injury Plaintiff and the Class Members suffered is not an injury

3   which these consumers could reasonably have avoided.

4          53.    Thus, Defendant's conduct has violated the "unfair" prong of California Business

5   & Professions Code § 17200.

6                                    **FRAUDULENT**

7          54.    California Business & Professions Code § 17200 prohibits any "fraudulent ...

8   business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a

9   consumer must allege that the fraudulent business practice was likely to deceive members of the

10  public.

11         55.    The test for "fraud" as contemplated by California Business and Professions

12  Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a §

13  17200 violation can be established even if no one was actually deceived, relied upon the

14  fraudulent practice, or sustained any damage.

15         56.    Here, not only were Plaintiff and the Class Members likely to be deceived, but

16  these consumers were actually deceived by Defendant. Such deception is evidenced by the fact

17  that Plaintiff agreed to contract with Defendant for the SmartLease Protect Agreement with the

18  reasonable expectation that Defendant would adhere to the material terms of the deal, when in

19  fact Defendant never had any intention of doing so. Plaintiff's reliance upon Defendant's

20  deceptive statements is reasonable due to the unequal bargaining power of Defendant and

21  Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practices would

22  deceive other members of the public.

23         57.    As explained above, Defendant deceived Plaintiff by misrepresenting that

24

1    Defendant would waive the excess wear and mileage charges, and other misrepresentations

2    described herein.

3        58.    Thus, Defendant's conduct has violated the "fraudulent" prong of California

4    Business & Professions Code § 17200.

5                                    **UNLAWFUL**

6        59.    California Business and Professions Code Section 17200, *et seq.* prohibits "any

7    unlawful...business act or practice."

8        60.    As explained above, Defendant deceived Plaintiff and the Class Members by

9    representing that Defendant was agreeing to waive the excess wear and mileage charges when

10   in fact it never intended to do so.

11       61.    Defendant violated multiple sections of the California Consumer Legal

12   Remedies Act, as noted below.

13       62.    These representations by Defendant are therefore an "unlawful" business

14   practice or act under Business and Professions Code § 17200 *et seq.*

15       63.    Defendant thus engaged in unfair, fraudulent, and unlawful business acts

16   entitling Plaintiff and the Class Members to a judgment of legal and equitable relief against

17   Defendant, as set forth in the Prayer for Relief.   Additionally, pursuant to Business and

18   Professions Code § 17203, Plaintiff and the Class Members seek an order requiring Defendant

19   to immediately cease such acts of unlawful, unfair, and fraudulent business practices and

20   requiring Defendant to correct their actions.

21                                    **COUNT II**
                                **COMMON LAW FRAUD**

22       64.    Plaintiff includes by reference all previous paragraphs as if set forth herein.

23       65.    Defendants intentionally or recklessly misled Plaintiff and the Class Members as

24

---

**CLASS ACTION COMPLAINT**
**-12-**

1   detailed above.

2       66.     Defendants knew the representations were false or misleading and/or acted with

3   reckless disregard for the truth.

4       67.     Defendants intended for Plaintiff and the Class Members to rely on its

5   representations in order to induce Plaintiff and the Class Members to pay the full contract price

6   for the in return for SmartLease Protect Agreement which did not provide the value to Plaintiff

7   and the Class Members that was promised.

8       68.     As a direct and proximate result of Defendant's misrepresentations, Plaintiff and

9   the Class Members suffered economic and other harm. Specifically, Defendant promised to

10  waive the excess wear and mileage charges when in fact it never intended to do so.

11      69.     Defendant's actions as stated above constitute common law fraud.

12                          **COUNT III**
                         **BREACH OF CONTRACT**
13
14      70.     Plaintiff includes by reference all previous paragraphs as if set forth herein.

15      71.     A contract existed between Plaintiff and the Class Members, and Defendant as
    described herein.
16
17      72.     Plaintiff and the Class Members performed all obligations arising from the
    contract.
18
19      73.     Defendant, however, failed to perform all obligations arising from the contract.

20      74.     Specifically, Defendant failed to waive the excess wear and mileage charges.

21      75.     As a direct result, Plaintiff and the Class Members suffered harm.

22      76.     Therefore, Defendant is liable to Plaintiff and the Class Members for its breach
    of the contract as described herein, thus entitling Plaintiff and the Class Members to recompense.
23
    ///
24

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

77.     Plaintiff includes by reference all previous paragraphs as if set forth herein.

78.     All parties to a contract are obliged to refrain from interfering with the other party's receipt of the reasonably expected benefits of the contract.  To make out a claim for a violation of this duty, Plaintiff must show the following: 1) there was a contract between Plaintiff and Defendant; 2) Plaintiff performed her obligation or was relieved therefrom; 3) Defendant unfairly prevented Plaintiff from receiving the benefits of the contract; and 4) as a result, Plaintiff was harmed.

79.     Plaintiff and the Class Members were engaged in a contractual relationship with Defendant, namely for the exchange of valuable consideration for the agreement to waive the excess wear and mileage charges.

80.     Plaintiff and the Class Members performed all obligations arising out of the contract and in no way interfered with Defendant's ability to perform its own.

81.     By engaging in the conduct herein described, Defendant unfairly prevented Plaintiff and the Class Members from receiving the benefits of the contract.

82.     As a result, Plaintiff and the Class Members have suffered economic harm, stress and anxiety, and inconvenience.

83.     Defendant is therefore liable to Plaintiff and the Class Members for its violation of the duty of good faith and fair dealing, and Plaintiff and the Class Members are therefore entitled to recovery of all damages, both economic and non-economic, and all other remedies the court deems appropriate.

///

///

**MISCELLANEOUS**

84.     Plaintiff and the Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

**REQUEST FOR JURY TRIAL**

85.     Plaintiff requests a trial by jury as to all claims so triable.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and the Class, requests the following relief:

    (a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b)     An order certifying the undersigned counsel as Class Counsel;

    (c)     An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

    (d)     Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members through fraudulent billing practices during the relevant class period;

    (e)     Punitive damages, as allowable, in an amount determined by the Court or jury;

    (f)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

    (g)     Pre- judgment and post-judgment interest; and

    (h)     All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  June 28, 2021          Respectfully submitted,

                       LAW OFFICES OF TODD M. FRIEDMAN, PC

                       By: /s/ Todd M. Friedman
                           TODD M. FRIEDMAN, ESQ.
                           Attorney for Plaintiff